1 | Eric Slocum Sparks
Arizona State Bar No. 11726
2 | LAW OFFICES OF ERIC SLOCUM SPARKS, P.C.
110 South Church Avenue #2270
3 | Tucson, Arizona  85701
Telephone (520) 623-8330
4 | Facsimile (520) 623-9157
law@ericslocumsparkspc.com
5 | eric@ericslocumsparkspc.com

6 | Attorney for Debtors

7

8 | IN THE UNITED STATES BANKRUPTCY COURT

9 | FOR THE DISTRICT OF ARIZONA

10 | In re:                                   )
     |                                        )
11 | ELIAS Y FREIJ and                        )      No. 4:12-bk-10829-EWH
     | OBDULIA M FREIJ,                        )
     |                                        )
12 |                                          )      (Chapter 11)
     |             Debtors.                    )
13 |                                          )      DEBTORS' FIRST PLAN OF
     |                                          )      REORGANIZATION DATED
14 |                                          )      February 11, 2013
     | _____ )

15

16        Elias Y. Freij and Obdulia M. Freij, (hereinafter "Debtors"), hereby submit this Plan of

17 | Reorganization in accordance with 11 U.S.C. §1121(a).

   | **I. DEFINITIONS**

18

19        As utilized in this Plan of Reorganization (hereinafter "Plan") and in the Disclosure Statement

20 | (hereinafter "Disclosure Statement") which accompanies this Plan of Reorganization, the following

   | definitions apply to the following terms:

21

22        1. "Adequate information" means information that would enable a hypothetical reasonable

23 | investor typical of holders of claims or interest of the Debtors' estate, to make an informed judgment

   | about the Debtors' Plan of Reorganization.

24

25        2. "Allowed and Approved Claim" shall mean a timely filed Proof of Claim pursuant to an Order

26 | from the Court setting a bar date to which that claim should be filed and no objection to the claim having

   | been filed.  If an objection to a claim is filed, said claim will be allowed to the extent ordered by the

27 | Court.

28

1

3. "Bankruptcy Code" shall mean the Bankruptcy Code as set forth in Title 11 of the United States Code.

4. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Arizona.

5. "Confirmation of the Plan" shall mean the entry of an order by the Bankruptcy Court confirming the Plan or Reorganization in accordance with §1129 of the Bankruptcy Code.

6. "Consummation of the Plan" means the accomplishment of all things required or provided for under the terms of the Plan.

7. "Court" shall mean the United States Bankruptcy Court for the District of Arizona.

8. "Creditors" shall mean all persons holding claims for secured and unsecured obligations, liabilities, demands or claims of any nature whatsoever against the Debtor arising at any time prior to confirmation of the Plan and administrative creditors.

9. "Debtors" shall mean the petitioners in the above-captioned Bankruptcy case.

10. "Disclosure Statement" shall mean this Disclosure Statement (hereinafter "Disclosure Statement") filed in this case approved, after notice and a hearing by the Court as being in conformity with §1125 of the Bankruptcy Code.

11. "Disposable Income" that amount of income to be contributed by debtors for a period of 60 months and paid to creditors on allowed claims of creditor on a pro rata basis. The amount of disposable income will be reduced by any allowed administrative fees allowed by this Court.

12. "Effect of Discharge" 11 U.S.C. 1141 d(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan- (A) Discharges the debtor from any debts that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(I) of this title. (2) A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title.

13. "Effective Date" shall mean the later of (a) the first business day following the **60th** day after entry of the Court of an order confirming this Plan, or (b) the first business day after such order has become final and unappealable; provided however, no appeal of said order is pending; provided further, the Debtor may waive the condition that no appeal of the order of confirmation be pending by a writing

2

duly executed by the Debtor and filed with the Court on or before the date which but for the pendency of appeal would become the effective date of the Plan, and in the event that said condition is timely waived by the Debtor, the Plan shall become effective as provided herein notwithstanding the pendency on said date of an appeal or appeals; in the event that said condition is not timely waived, the Plan shall become effective on the first business day after an appeal is no longer pending.

14. "Petition" means the original Chapter 11 Petition filed by the Debtors.

15. "Plan" shall mean the Plan of Reorganization accompanying the Disclosure Statement as it may be amended, modified and/or supplemented pursuant to which the Debtors propose payment in whole or in part of creditors' claims.

16. "Plan distribution date" shall be a date that ends with the first full calendar quarter after the date that the Chapter 11 Plan is confirmed by the Court, which the Debtors project to be June 30, 2013.

17. All other terms not specifically defined by this Disclosure Statement shall have the meaning as designated in §101 of the Bankruptcy Code or, if not contained therein, their ordinary meaning.

## II. CLASSES OF CLAIMS

Administrative Claims.

These claims consist of the expenses of administration of the estate including attorney's fees for Debtors' counsel and any unpaid fees to the U.S. Trustee. The Debtors estimate these costs and expenses may be in excess of $20,000.00.

Tax Claims.

As reflected in the original schedules filed by the Debtors, Debtors estimated tax claims in the amount of $0.00. This does not include any amounts that may be due for ad valorem claims which are secured against real property, if any.

Secured Claims.

As reflected in the original schedules filed by the Debtors, Debtors estimated secured claims in the amount of $1,018,560.00.

Unsecured Claims.

As reflected in the schedules filed by the Debtors, Debtors estimated unsecured claims in the

3

amount of $96,636.83 which does not include any deficiency amounts for secured creditors.

Domestic Support Claims.

As reflected in the schedules filed by the Debtors, there are no support orders against the Debtors.

### III. TREATMENT OF CLAIMS NOT IMPAIRED UNDER THE PLAN

Classes 1 and 12 are not impaired under the Plan in that the Plan does not alter the legal or contractual rights to which the holders of such claims are entitled and/or the Bankruptcy Code permits payment over an extended period of time and/or the holder of the claim has agreed to a different treatment.

### IV. TREATMENT OF IMPAIRED CLAIMS UNDER THE PLAN

Classes 2 through 11 are impaired under the Plan in that the Plan does alter the legal or contractual rights to which the holders of such claims are entitled and/or the Bankruptcy Code permits payments over an extended period of time and/or the holder of the claims has agreed to a different treatment.

### V. CLASSES OF CLAIMS

*Classification and Treatment of Claims and Interests*

1.  *Claim Amounts*: Because certain claims against the Debtor  may be unknown or of undetermined amounts, the amounts of claims specified in this Disclosure Statement reflect only the  Debtor's best estimate at this time of the amount due.   In addition, the amounts of the claims  specified in this Disclosure Statement do not include, for example, claims arising from the rejection of certain executory contracts and other contingent or unliquidated claims arising against the debtor.

2.  *Effective Date of the Plan*: The "Effective Date" of the Plan  is important in determining when performance of many of the Debtor's obligations under the Plan is due.  The Effective Date is defined in the Plan as the first business day following the later of the following day;

(I) the date on which the Order confirming the Plan (the "Confirmation Order") becomes final and non-appealable with no appeal then pending; or

(ii) 60 days after the date of the Confirmation Order for unsecured claims; and

(iii) 30 days after the date of the Confirmation Order for secured claims.

4

3.    *Classification*: The Plan divides claims against the Debtor, into multiple separate classes that the Debtor asserts are in accordance with the Bankruptcy Code. Unless otherwise expressly stated in the Plan, distributions to holders of allowed claims are in full satisfaction of their allowed claims. All claims against the Debtor arising prior to confirmation will be discharged by performance of the Plan on the Effective Date to the extent that such claims are dischargeable under the Bankruptcy Code Section 1141(d).

The Plan provides for 12 classes of claims to be paid or administered in the following manner:

5.1  Class 1 - Administrative Claims

These claims are for the expenses of administration of the estate, including attorney fees for Debtors' counsel in the approximate sum of $20,000.00 and unpaid fees to the U.S. Trustee, if any. Debtors believe, at the time that the Debtors' Chapter 11 Plan is confirmed, that there will be an administrative expense claim in the approximate amount of $20,000.00. This claim shall be paid in cash, or in the amounts allowed by the Court upon the Plan distribution date unless otherwise agreed to between the Debtors and the administrative creditor. **(This class is not impaired.)**

5.2  Class 2 - Priority Claims of Governmental Units

A.    Classification: Class 2 claims consists of all allowed claims of the United States Internal Revenue Service ("IRS") and/or State of Arizona, Department of Revenue ("ADOR") and/or the Arizona Department of Economic Security ("ADES"), City of Tucson or other government agency which are entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code except ad valorem taxes. Debtors believe no claims exist in this class.

B.    Impairment: Class 2 is impaired.

C.    Treatment: In the event there are determined to be allowed Class 2 claims, each holder of a Class 2 allowed claim shall retain its claim, in accordance with Section 1129 of the Bankruptcy Code. The claim shall bear simple interest at a fixed rate equal to that rate which would be required to be paid as of the Effective Date under Section 6621 and/or 6622 of the Internal Revenue Code, or such other interest rate as the Bankruptcy Court determines is sufficient to confer upon the tax note a value as of the Effective Date equal to the principal amount of such claim. The allowed claim

5

shall be payable in equal monthly installments of principal, along with accrued interest, in deferred cash payments over a period not to exceed five years from the date of petition. The first payment shall commence on the first day of the month immediately following the month of the Effective Date. The claim is subject to prepayment at any time without penalty or premium and shall have such other terms as are required by law.

5.3    Class 3 - Secured Ad Valorem Real Property Tax Claims

A.    Classification: Class 3 shall consist of pre-petition allowed Ad Valorem Real Property Tax Claims which are secured by liens on real property.  Debtors are aware of Proofs of Claim filed by Pima County in the amount of $332.11 and estimated amounts of $1,964.00.

B.    Impairment: Class 3 is impaired.

C.    Treatment: In the event there are determined to be allowed Class 3 claims, each holder of a Class 3 allowed claim shall retain its lien  having an aggregate principal amount sufficient to satisfy, in accordance with Section 1129 of the Bankruptcy Code, the allowed claim.  Such claim shall bear simple interest at a statutory rate of 16% per annum required to be paid as of the Effective Date, or such other interest rate as the Bankruptcy Court determines is sufficient to confer upon the tax claim a value as of the Effective Date equal to the principal amount of such claim charged by the taxing authority, or the statutory rate of interest.  Payments shall be made in equal monthly  installments of principal, along with accrued interest, in deferred cash payments over a period not to exceed five years from date of petition.  The claim is subject to prepayment at any time without penalty or premium and shall have such other terms as are required by law.

5.4  Class 4 - Secured Claim of GMAC Mortgage, LLC("GMAC")

A.    Classification:  Class 4 consists of the allowed secured claim of GMAC to the extent of the value of the secured creditor's interest in the Debtors' interest in the real property located at 2710 W. Calle Del Tigre, Tucson, AZ 85746. This claim is evidenced by a promissory note and deed of trust. Debtors are aware of Proof  of Claim filed by GMAC in the amount of $58,591.24. Debtors believe the claim is fully secured..

B.    Impairment: Class 4 is  impaired.

6

C.     Treatment: Debtors and secured creditor have stipulated to a value of $58,591.24. IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH GMAC AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN. Under § 506 of the Bankruptcy Code, a secured creditor has a secured claim to the extent of the creditor's interest in the Debtor's interest in the collateral and an unsecured claim for the balance, if any, unless the creditor makes a 1111(b) election, and, if eligible, elects to have its claim treated as fully secured. The allowed amount of the creditor's secured claim will be the lesser of value of the creditor's interest in the Debtors' interest in the property as determined under § 506, or the allowed amount of the creditor's claim. Debtors and secured creditor have stipulated to a value of $58,591.24. The Debtors propose to limit the Class 4 creditor's secured claim to $58,591.24 or the current balance as of the Effective Date and to treat the balance of its claim, if any, as an unsecured deficiency claim and treat and pay it as a Class 10 unsecured creditor.

The allowed claim of the Class 4 creditor shall be paid, assuming no 1111(b) election is made by creditor, and secured by the first lien mortgage evidenced by a promissory note and deed of trust, modified as follows:

1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of four percent (4.00 %) per annum, or the rate on the existing note, whichever is less. The

2.  The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due.  Tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3. The note of the Class 4 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 4 creditor, which is secured by the

7

above deed of trust, shall continue to be non-recourse to the Debtors. Any security for payment of the allowed claim which GMAC had at the petition date other than the deed of trust above described which encumbers the property GMAC shall retain post-confirmation.

        4. The Debtors and the Class 4 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

        5. Any difference between current market value and obligation due lender shall be treated as a Class 10 unsecured claim and will be paid on a *pro-rata* basis from Debtors' disposable income.

    5.5 Class 5 - Secured Claim of Nationstar Mortgage LLC ("Nationstar")

        A.     Classification: Class 5 consists of the allowed secured claim of Nationstar to the extent of the value of the secured creditor's interest in the Debtors' interest in the real property located at 1468 E. Wedwick Street, Tucson, AZ 85706. This claim is evidenced by a promissory note and deed of trust. <u>Debtors are aware of a proof of claim filed in this class in the amount of $94,596.98. The Debtors believe the claim may not be fully secured.</u>

        B.     <u>Impairment</u>: Class 5 is impaired.

        C.     <u>Treatment</u>: Debtors and secured creditor have stipulated to a value of $58,000.00. IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH NATIONSTAR AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN. Under § 506 of the Bankruptcy Code, a secured creditor has a secured claim to the extent of the creditor's interest in the Debtor's interest in the collateral and an unsecured claim for the balance, if any, unless the creditor makes a 1111(b) election, and, if eligible, elects to have its claim treated as fully secured. The allowed amount of the creditor's secured claim will be the lesser of value of the creditor's interest in the Debtors' interest in the property as determined under § 506, or the allowed amount of the creditor's claim. Debtors and secured creditor have stipulated to a value of $58,000.00. The Debtors propose to limit the Class 5 creditor's secured claim to $58,000.00 and to treat the balance of its claim, if any, as an unsecured deficiency claim and treat and pay it as a Class 10 unsecured creditor. The Debtor and the Class 5 creditor have agreed as to

8

the amount of the Class 5 creditor's allowed secured claim.

The allowed claim of the Class 5 creditor shall be paid, assuming no 1111(b) election is made by creditor, and secured by the first lien mortgage evidenced by a promissory note and deed of trust, modified as follows:

1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of four percent (4.00 %) per annum, or the rate on the existing note, whichever is less. The Class 5 creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of Nationstar's claim.

2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3. The note of the Class 5 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 5 creditor, which is secured by the above deed of trust, shall continue to be non-recourse to the Debtors. Any security for payment of the allowed claim which Nationstar had at the petition date other than the deed of trust above described which encumbers the property Nationstar shall retain post-confirmation.

4. The Debtors and the Class 5 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

5. Any difference between current market value and obligation due lender if any shall be treated as a Class 10 unsecured claim and will be paid on a *pro-rata* basis from Debtors' disposable

9

income.

**5.6  Class 6 - Secured Claim of Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W3 ("Deutsche")**

      A.      <u>Classification</u>: Class 6 consists of the allowed secured claim of Deutsche to the extent of the value of the secured creditor's interest in the Debtors' interest in the real property located at 5120 E. Alberta Drive, Tucson, AZ 85711.  This claim is evidenced by a promissory note and deed of trust.  <u>Debtors are aware of a proof of claim filed in this class in the amount of $228,653.80. The Debtors believe the claim may not be fully secured.</u>

      B.      <u>Impairment</u>: Class 6 is impaired.

      C.      <u>Treatment</u>:  The Parties have Stipulated to the following treatment:

1. Deutsche Bank shall have a secured claim in the amount of $180,000.00 (the "Secured Claim") amortized over forty (40) years at 4.75% interest per annum with a balloon payment for the remaining balance due under the Secured Claim upon the original maturity date of September 1, 2035.

2.  Deutsche Bank shall have an unsecured claim for the amount owing on the Note above the Secured Claim plus Deutsche Bank's attorneys' fees and costs (the "Unsecured Claim"). Deutsche Bank shall receive, in full and final satisfaction of its Unsecured Claim, through its pro rata share of (disposable income paid pro rata) to general unsecured creditors.

3. Debtors shall tender regular monthly principal and interest payments in the sum of $838.36 to Deutsche Bank for the Secured Claim commencing November 1, 2012, and continuing until the original maturity date, September 1, 2035, when all such outstanding amounts under the Secured Claim are to be paid in full.

4. In addition to Principal and Interest payments, Debtors shall tender monthly escrow payments to Deutsche Bank for real property taxes and real property hazard insurance advanced by Deutsche Bank.  This amount is subject to change pursuant to the terms of the Subject Loan.

5. To the extent that Deutsche has made post-petition escrow advances for real property taxes or real property hazard insurance, Debtors shall cure said amounts on or before the Effective Date of the Plan.

5.7  Class 7 - Secured Claim of Colonial Savings, F.A. ("Colonial")

A.      Classification: Class 7 consists of the allowed secured claim of Colonial to the extent of the value of the secured creditor's interest in the Debtors' interest in the real property located at 3707 W. Exton Lane, Tucson, AZ 85746.   This claim is evidenced by a promissory note and deed of trust.  Debtors are aware of a proof of claim filed in this class in the amount of $89,869.54. The Debtors believe the claim is not fully secured.

B.      Impairment: Class 7 is impaired.

C.      Treatment: Debtors and secured creditor have stipulated to a value of $74,500.00.

IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH COLONIAL AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN. Under § 506 of the Bankruptcy Code, a secured creditor has a secured claim to the extent of the creditor's interest in the Debtor's interest in  the collateral and an unsecured claim for the balance, if any, unless the creditor makes a 1111(b) election, and, if eligible, elects to have its claim treated as fully secured. The allowed amount of the creditor's secured claim will be the lesser of value of the creditor's interest in the Debtors' interest in the property as determined under § 506, or the allowed amount of the creditor's claim. Debtors and secured creditor have stipulated to a value of $74,500.00.  The Debtors propose to limit the Class 7  creditor's secured claim to $74,500.00 and to treat the balance of its claim, if any, as an unsecured deficiency claim and treat and pay it as a Class 10 unsecured creditor.  The Debtor and the Class 7 creditor have agreed as to the amount of the Class 7 creditor's allowed secured claim.

The allowed claim of the Class 7 creditor shall be paid, assuming no 1111(b) election is made by creditor, and secured by the first lien mortgage evidenced by a promissory note and deed of trust, modified as follows:

1. The allowed secured claim shall accrue interest from the Effective Date of the  Plan at the  rate of five percent (5.00 %)  per annum, or the rate on the existing note, whichever is less. The Class 7 creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of Colonial's

11

claim.

2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3. The note of the Class 7 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 7 creditor, which is secured by the above deed of trust, shall continue to be non-recourse to the Debtors. Any security for payment of the allowed claim which Colonial had at the petition date other than the deed of trust above described which encumbers the property Colonial shall retain post-confirmation.

4. The Debtors and the Class 7 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

5. Any difference between current market value and obligation due lender shall be treated as a Class 10 unsecured claim and will be paid on a *pro-rata* basis from Debtors' disposable income.

5.8 Class 8 - Secured Claim of Bank of America ("B of A")

A. Classification: This class consists of the allowed secured claim of B of A to the extent of the value of the secured creditor's interest in the Debtors' interest in the real property located at 2531 N. Jeanette Ave., Tucson, AZ 85749. This claim is evidenced by a promissory note and deed of trust. Debtors are aware of a proof of claim filed in this class in the amount of $317,421.71. The Debtors believe the claim is not fully secured.

B. Impairment: Class 8 is impaired.

C. Treatment: Debtors and secured creditor have stipulated to a value of

12

$299,500.00.

IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH B OF A AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN. Under § 506 of the Bankruptcy Code, a secured creditor has a secured claim to the extent of the creditor's interest in the Debtor's interest in the collateral and an unsecured claim for the balance, if any, unless the creditor makes a 1111(b) election, and, if eligible, elects to have its claim treated as fully secured. The allowed amount of the creditor's secured claim will be the lesser of value of the creditor's interest in the Debtors' interest in the property as determined under § 506, or the allowed amount of the creditor's claim. Debtors and secured creditor have stipulated to a value of $299,500.00. The Debtors propose to limit the Class 8 creditor's secured claim to $299,500.00 and to treat the balance of its claim, if any, as an unsecured deficiency claim and treat and pay it as a Class 10 unsecured creditor. The Debtor and the Class 8 creditor have agreed as to the amount of the Class 8 creditor's allowed secured claim.

The allowed claim of the Class 8 creditor shall be paid, assuming no 1111(b) election is made by creditor, and secured by the first lien mortgage evidenced by a promissory note and deed of trust, modified as follows:

1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of five percent (5.00 %) per annum, or the rate on the existing note, whichever is less. The Class 8 creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of B of A's claim.

2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or

13

contributions of the owners of the property at the time the final payment is due. Tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3. The note of the Class 8 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 8 creditor, which is secured by the above deed of trust, shall continue to be non-recourse to the Debtors. Any security for payment of the allowed claim which B of A had at the petition date other than the deed of trust above described which encumbers the property B of A shall retain post-confirmation.

4. The Debtors and the Class 8 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

5. Any difference between current market value and obligation due lender shall be treated as a Class 10 unsecured claim and will be paid on a *pro-rata* basis from Debtors' disposable income.

5.9 Class 9 - Secured Claim of Flagstar Bank, FSB ("Flagstar")

A.    Classification: Class 9 consists of the allowed secured claim of Flagstar to the extent of the value of the secured creditor's interest in the Debtors' interest in the real property located at 5501 E. 8th Street, Tucson, AZ 85756. This claim is evidenced by a promissory note and deed of trust.   Debtors are aware of a proof of claim filed in this class in the amount of $281,706.23. The Debtors believe the claim may not be fully secured.

B.    Impairment: Class 9 is impaired.

C.    Treatment:  By Order of this Court, the current value of the property is $200,000.00.

IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH FLAGSTAR AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN. Under § 506 of the Bankruptcy Code, a secured creditor has a secured claim to the extent of the creditor's interest in the Debtor's interest in  the collateral and an unsecured claim for the balance, if any, unless the creditor makes a 1111(b) election, and, if eligible, elects to have its claim treated as fully secured. The allowed amount of the creditor's secured claim will

14

be the lesser of value of the creditor's interest in the Debtors' interest in the property as determined under § 506, or the allowed amount of the creditor's claim. By Order of this Court, the current value of the property is $200,000.00. The Debtors propose to limit the Class 9 creditor's secured claim to $200,000.00 and to treat the balance of its claim, if any, as an unsecured deficiency claim and treat and pay it as a Class 10 unsecured creditor. If the Debtor and the Class 9 creditor cannot agree as to the amount of the Class 9 creditor's allowed secured claim, the Court may be called upon to make that determination.

The allowed claim of the Class 9 creditor shall be paid, assuming no 1111(b) election is made by creditor, and secured by the first lien mortgage evidenced by a promissory note and deed of trust, modified as follows:

1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of 5.125% percent per annum, or the rate on the existing note, whichever is less. The Class 9 creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of Flagstar's claim.

2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3. The note of the Class 9 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 9 creditor, which is secured by the above deed of trust, shall continue to be non-recourse to the Debtors. Any security for payment of the allowed claim which Flagstar had at the petition date other than the deed of trust above described which

15

encumbers the property Flagstar shall retain post-confirmation.

        4. The Debtors and the Class 9 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

        5. Any difference between current market value and obligation due lender shall be treated as a Class 10 unsecured claim and will be paid on a *pro-rata* basis from Debtors' disposable income.

5.10  Class 10 - Unsecured Deficiency Claims and Unsecured Claims.

_____A.     Classification:  Class 10  consists of all unsecured deficiency claims and unsecured claims against the debtor. Debtors estimate these claims at approximately $96,636.83.

B.     Impairment: Class 10 is impaired.

C.     Treatment: All allowed and approved claims under this Class shall be paid the sum of $150.00 on a quarterly basis, *pro rata*, from Debtors' disposable income, to be paid on the last day of each quarter, beginning with the quarter ending after the Effective Date and anticipated to be June 30, 2013, and continuing each quarter thereafter for five years. Any liens held by the Class 10 creditors shall be null and void and removed as of the Effective Date.

5.11  Class 11 - Contingent, Unliquidated and Disputed Claims.

_____A.     Classification:  Class 11 consists of all contingent, unliquidated and disputed claims.

B.     Impairment: Class 11 is impaired.

C.     Treatment: Class 11 creditors shall receive no distribution under the Plan.

5.12  Class 12 - Equity Interest.

_____A.     Classification:  Class 12 consists of the interests of the Debtors.

B.     Impairment: Class 12 is not impaired.

C.     Treatment: Debtors shall retain all of their legal and equitable interest in exempt and non-exempt assets of this estate, as all reconciliation issues have been met. All estate property shall vest in the Debtors at confirmation.

16

## VI. DISPUTED CLAIMS

Debtors reserve the right to verify and object to any proof of claim. Payment of disputed claims shall be made only after agreement has been reached between the Debtors and the Creditor or upon the order of the Court. Any and all objections to proofs of claim will be filed within ninety (90) days of the Effective Date of this plan or will be waived.

## VII. EXECUTORY CONTRACTS

At the time of the filing, the Debtors had leases with various tenants, Debtors are assuming all existing leases where payments are current.

## VIII. DOMESTIC SUPPORT OBLIGATIONS

As reflected in the schedules filed by the Debtors, there are no domestic support orders against the Debtors.

## IX. MEANS OF EXECUTION/PROJECTION

_____The Debtors will provide for payment of all timely filed and allowed claims over 60 months. The Debtors shall make payments in the sum of $150.00 per quarter to the Class 10 unsecured creditors, which shall be disbursed as set forth in the Plan  The source of the funds shall come from the Debtors' earned post-petition income and possibly from the refinancing or sale of property of the Debtors. ***See 11 U.S.C. §1123(a)(8).***

The 2005 BAPCPA amendments to the Bankruptcy Code added, among other things, section 1129(a)(15). This section requires that upon the objection of an unsecured creditor to the Debtors' plan, the Debtors must either (A) pay the claim in full, or, (B) commit their disposable income to the plan payments for a minimum of 5 years, as determined by §1325(b)(2). Although Debtors believe that projected disposable income is committed to the plan under the current projections, upon an objection to plan confirmation, Debtors will provide a schedule reflecting that projected disposable income has been committed to plan payments.

The Debtor reserves the right to accelerate payment under the Plan from financing obtained from third party financing, although currently Debtor has no plans or ability  to do so. Debtor believes that by virtue of Confirmation of the Plan, they will have the ability to pay all allowed and approved claims

17

pursuant to the Plan of Reorganization. The unsecured creditors will be paid a total of $3,000.00 under the Plan of Reorganization.

## X. QUARTERLY FEES AND REPORTS

Debtors shall continue to pay quarterly fees to the U.S. Trustee System until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding. Debtor shall continue to file monthly operating reports until such time as the Court enters an Order confirming this Chapter 11 Plan of Reorganization and/or the end of the calendar quarter in which the Plan was confirmed. At such time, Debtor shall cease filing monthly operating reports and shall begin filing quarterly post confirmation reports. These quarterly reports shall be filed until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding.

## XI. IMPLEMENTATION AND CONSUMMATION OF PLAN

The terms of the Plan subsequent to confirmation shall bind the Debtors, any entity acquiring property under the Plan, and creditor or claimant, whether or not such creditor or claimant has accepted the Plan. All property of the estate shall vest in the Debtors and shall be free from attachment, levy, garnishment or execution by creditors bound by the Plan.

Subsequent to confirmation of the Plan of Reorganization, the Debtors shall continue to engage in their business as presently conducted or in such form or manner as the Debtors may deem advisable. The Plan does not provide for the liquidation of all or substantially all of the property of the estate. Notwithstanding the foregoing, however, the Debtors shall be free to operate in the ordinary course and may without any further order of the Court, convey, sell assign, purchase, or lease any property of or for the benefit of the estate.

It shall be the obligation of each creditor participating under the Plan to keep the Debtors advised of its current mailing address. In the event any payments tendered to creditors are mailed, postage prepaid, addressed (1) to the address specified in the Debtors schedules and statement, (2) to the address specified in any proof of claim filed by a creditor or claimant herein, or (3) to the address provided by any such creditor or claimant for purposes of distribution, and if subsequently the Post Office returns such distribution due to lack of insufficiency of address or forwarding address, the Debtors shall retain

18

such distribution for a period of six (6) months. Thereafter, the distribution shall revert to the Debtor without further Order of the Court and be free and clear of any claim of the named distributee. The Debtors shall thereafter not be required to mail subsequent distributions to any creditor for whom a distribution has been returned by the Post Office. The Debtors reserves the right to modify the Plan in accordance with §1127 of the Bankruptcy Code. The Plan may be modified prior to confirmation provided that the Plan still complies with §1122 and §1123 of the Bankruptcy Code. The Plan may be modified subsequent to confirmation and before substantial consummation of the Plan under such circumstances as may warrant such under §1123 of the Bankruptcy Code. Any holder of a claim or interest that has been previously accepted or rejected under a confirmed Plan, shall be deemed to have accepted or rejected any subsequently modified Plan unless the holder of such claim or interest changes its acceptance or rejection of the Plan within the time fixed by the Court.

## XII. DEFAULT

_____The Debtors' failure to make any payment due under the Plan within sixty (60) days after demand for payment after its due date shall constitute a default unless the Debtors and the affected creditor agree to delayed payment.

Upon default, creditors may pursue any remedy provided by the state or federal law, including foreclosing any security interest, suing on any promissory note issued or continued in effect under the Plan.

## XIII. RETENTION OF JURISDICTION

_____The Bankruptcy Court will retain jurisdiction over this case for purposes of determining the allowance of claims or objection to claims. The Court will also retain jurisdiction for purposes of fixing allowances for compensation and/or for purposes of determining the allowability of any other claimed administrative expenses. The Court will also retain jurisdiction for the purpose of establishing bar dates and making a determination with respect to all disputed claims. Finally, the Court shall retain jurisdiction for purposes of determining any dispute arising from the interpretation, implementation or consummation of the Plan and to implement and enforce the provisions of the Plan. Notwithstanding

anything to the contrary contained herein, the Debtors shall not be bound by estoppel, the principles of

*res judicata* or collateral estoppel with respect to any term or provision contained herein in the event the

Plan is not confirmed.

      The Court may enter a Final Decree and retain jurisdiction over this case to reopen the case to

provide relief including the entering of a Discharge Order.

      RESPECTFULLY SUBMITTED:    February 11, 2013.

                                        LAW OFFICES OF
                                        ERIC SLOCUM SPARKS, P.C.

                                        /s/ Sparks AZBAR #11726
                                        Eric Slocum Sparks
                                        Attorney for Debtor

COPIES of the foregoing
mailed/delivered/faxed
February 11, 2013 to:

UNITED STATES TRUSTEE
230 N. First Ave. #204
Phoenix, Arizona 85003

Leonard J. McDonald, Esq.
Tiffany & Bosco, P.A.
2525 E. Camelback Rd.
Suite 300
Phoenix, AZ 85016
Attorney for Colonial National Mortgage
Attorney for Bank of America, N.A.
Attorney for Flagstar Bank, FSB
Attorney for Nationstar Mortgage, LLC

Jamin S. Neil, Esq.
Pite Duncan, LLP
4375 Jutland Dr., Suite 200
P.O. Box 17933
San Diego, CA 92177
Attorney for Deutsche Bank National Trust Company

Grant Winston, Esq.
Deputy County Attorney
Pima County Attorney's Office
32 N. Stone, #2100
Tucson, AZ 85701
Attorney for Pima County

/s/ A. Court-Sanchez

20